IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | 8:04cv94 |
| Plaintiff, ) | |
| ) | AMENDED ORDER SETTING |
| vs. ) | SCHEDULE FOR |
| ) | PROGRESSION OF CASE |
| STEPHEN J. CERVENY, ) | |
| ) | |
| Defendant. ) | |

   This matter, which is on the docket of District Judge Richard G. Kopf, has been assigned to the undersigned Magistrate Judge for full pretrial supervision. The case was brought on March 2, 2004, without counsel by a prisoner in a state or local corrections facility and is exempt from initial disclosure and planning conference requirements. *See* Fed. R. Civ. P. 26(a)(1)(E)(iii) & 26(f). Because of interim interlocutory appeals by the plaintiff, the prior orders scheduling the progression of this case have become unworkable and moot. Therefore, the prior progression orders are superseded by this Amended Order Setting Schedule for Progression of Case.

   **IT IS ORDERED:**

   1. **Limits on Discovery**. Each party is limited to serving **seventy-five (75)** interrogatories, including subparts, on any other party. If necessary, the parties may ask the court for leave to serve additional interrogatories. The plaintiff may take up to **ten (10)** depositions upon written questions pursuant to Fed. R. Civ. P. 31, subject to the limitations of that rule. The defendant is limited to taking **ten (10)** depositions upon oral examination in this case, without leave of court.

   2. **Adding Parties; Amending Pleadings**. The court does not anticipate granting any motions to add parties or amend pleadings.

   3. **Dispositive Motions.** All motions for summary judgment shall be filed on or before **June 1, 2006**.

   5. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **May 15, 2006**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial,

shall be served sufficiently early to allow rule time response before that date.

6. **Pretrial Conference**. Because the plaintiff is presently incarcerated, it is appropriate that the issues concerning the pretrial conference be handled in writing rather than by an in-person conference. **Rosemarie B. Lee** will have the primary responsibility for drafting the Order on Final Pretrial Conference. The order should be drafted and submitted to the plaintiff by no later than **August 1, 2006**. The plaintiff shall provide additions and/or proposed deletions to **Rosemarie B. Lee** by **August 15, 2006. Rosemarie B. Lee** shall submit a Proposed Order on Final Pretrial Conference to the court by no later than **August 25, 2006**. If a party proposes an addition or deletion which is not agreed to by the other party, that fact should be noted in the text of the document. **Proposed Orders on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.**

7. **Trial**. The trial of this matter will be set by further order of the court.

8. **Motions to Alter Dates**. Any request for a change of date setting shall be directed to the undersigned Magistrate Judge by written motion supported by a showing of good cause.

9. **Plaintiff's address**. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

**DATED March 27, 2006.**

                        **BY THE COURT:**

                        **s/ F.A. Gossett**
                        **United States Magistrate Judge**