IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | 8:04cv94 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| STEPHEN J. CERVENY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the following pending motions filed by the plaintiff, Billy Tyler: (1) filing no. 104, the Motion to Certify Interlocutory Appeal; filing no. 105, the Motion to Correct Amended Order Setting Schedule for Progression of Civil Case; and filing no. 106, the Motion for Summary Judgment. As a preliminary matter, filing no. 105 is granted. The plaintiff's claim arises out of a traffic stop in which he was a passenger, and the defendant, Stephen J. Cerveny, a police officer, stopped a vehicle driven by the plaintiff's nephew, Carey Tyler. At the time, the plaintiff had been released from prison on a state writ of habeas corpus, which an appellate court later reversed. Therefore, this case was not brought by a "prisoner" but by a person out on bond. The court notes the plaintiff's correction of the record, and to that extent, filing no. 105 is granted.

The court will not certify this case for interlocutory appeal, and, therefore, filing no. 104 is denied. 28 U.S.C. § 1292(b) establishes grounds for certification of an interlocutory appeal, i.e., if the decision to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation. In this case, on the contrary, there is presently no controlling question of law to appeal, and the case presents no question of law as to which there is substantial ground for difference of opinion. There is no reason to believe that an immediate appeal would materially advance the ultimate termination of this litigation. Instead, the plaintiff's previous interlocutory appeals have delayed the progress of this litigation.

Filing no. 106, the plaintiff's Motion for Summary Judgment is denied. In addition, the plaintiff shall show cause why this case should not be dismissed, without prejudice, for the reason discussed below. The plaintiff's habeas corpus case in this court, Tyler v. Houston, Case No. 4:04cv3391 (D. Neb.), reveals that the plaintiff was convicted in the County Court of Douglas County, Nebraska, for violating Omaha Municipal Code § 20-21 (obstructing the administration of law) and § 20-42 (disorderly conduct). The Douglas County District Court affirmed the convictions, and the Nebraska Court of Appeals also affirmed. At each level of the state court system, the plaintiff asserted in his defense that Stephen Cerveny, the police officer who stopped the vehicle in which the plaintiff was a passenger, lacked probable cause to apprehend or detain the plaintiff, and that as a passenger, the plaintiff had a constitutional right to leave the area. In the criminal proceeding, the plaintiff argued that because Cerveny illegally restricted the plaintiff's freedom to walk away, the charges of disorderly conduct and obstruction, based on the plaintiff's conduct while illegally detained, should have been dismissed. In other words, the arrest was illegal, and so the charges were bogus and without foundation.

In this case, the plaintiff seeks damages from Officer Cerveny for the allegedly illegal arrest, which the plaintiff claims violated his rights under the Fourth Amendment to the United States Constitution. Having taken judicial notice of the records in Case No. 4:04cv3391, I question whether the above-entitled civil rights action is barred by the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994), because the plaintiff has not obtained a favorable outcome in a postconviction, habeas corpus or similar challenge to his conviction.

The United States Supreme Court, in Preiser v. Rodriquez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42

2

U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See <u>Heck v. Humphrey</u>, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

See also <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In <u>Heck v. Humphrey</u>, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

Because the plaintiff alleges that the defendant's actions caused the plaintiff to be wrongly convicted in a state court, the plaintiff must first prevail in a postconviction, habeas corpus or similar proceeding before he may bring this civil rights action against the defendant. Otherwise, if he were to prevail in his claim against Cerveny in this case, the judgment would case doubt upon the validity of his conviction in the County Court

3

prosecution, which is the result the Supreme Court in Heck v. Humphrey sought to avoid. However, because the issue is potentially dispositive of this case, at least for the immediate future, the plaintiff is entitled to be heard.

IT IS THEREFORE ORDERED:

1. That filing no. 104, the plaintiff's Motion to Certify Interlocutory Appeal, is denied;

2. That filing no. 105, the plaintiff's Motion to correct Amended Order Setting Schedule for Progression of Civil Case, is granted;

3. That filing no. 106, the plaintiff's Motion for Summary Judgment, is denied;

4. That by May 17, 2006, the plaintiff shall show cause why the above-entitled case should not be dismissed without prejudice based on the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994); and that in the absence of a timely and sufficient showing of cause, this case may be subject, without further notice, to dismissal without prejudice.

April 24, 2006.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge